UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHIAMAKA ADAOHA UKAGA,

Plaintiff,

v.

FRED FINCH YOUTH & FAMILY
SERVICES, et al.,

Defendants.

Case No. 25-cv-11065-TSH

**ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO
DISMISS**

Re: Dkt. No. 28

## I.    INTRODUCTION

Plaintiff Chiamaka Adaoha Ukaga brings this disability discrimination case against Defendants Fred Finch Youth & Family Services and Fred Finch Youth Center Cares, Inc., alleging a disability that requires her to work remotely, and for which Defendants refused to accommodate.  Pending before the Court is Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF No. 28.  Plaintiff filed an Opposition (ECF No. 30) and Defendants filed a Reply (ECF No. 31).   The Court finds this matter suitable for disposition without oral argument and **VACATES** the July 23, 2026 hearing.  *See* Civ. L.R. 7-1(b).  For the reasons stated below, the Court **GRANTS IN PART and DENIES IN PART** the motion.[1]

## II.    BACKGROUND

Plaintiff began working for Defendants on July 31, 2023, as a Program Specialist providing administrative and operational support to clinicians serving youth and families in Alameda County.  Sec. Am. Compl. ¶ 25, ECF No. 26.  She alleges her duties were primarily administrative and computer-based, routinely performed via computer systems, and did not require

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  ECF Nos. 8, 24.

physical presence in the office. *Id.* ¶¶ 14, 26. Although the written job description referenced reception support, Plaintiff states her actual reception duties "were minimal, intermittent, and typically limited to approximately thirty minutes of coverage per week or occasional backup support." *Id.* ¶ 27.

Plaintiff alleges she has documented disabilities including agoraphobia, panic disorder, and related anxiety conditions, as well as gastrointestinal conditions exacerbated by stress and "commute-related" triggers. *Id.* ¶¶ 28-30. She alleges she disclosed her disabilities to Defendants and provided medical documentation supporting the need for a reasonable accommodation. *Id.* ¶¶ 30, 83.

In or around September or October 2023 Plaintiff began working remotely with Defendants' knowledge and approval, and in or around October 2023 she formally requested to continue remote work as a reasonable accommodation. *Id.* ¶¶ 32-33. Plaintiff alleges Defendants approved remote work for several consecutive months, during which she met or exceeded performance expectations, and no operational issues were identified. *Id.* ¶¶ 34-35, 41-43. She alleges Defendants did not experience undue hardship during her remote-work period and that reception coverage continued without disruption. *Id.* ¶¶ 15, 43-45, 63-64. During this period, she came into the office as needed for limited, task-specific purposes, including preparing materials for pickup. *Id.* ¶ 47.

In early 2024 Plaintiff alleges Defendants revoked or restricted her remote-work accommodation due to the need for reception coverage and administrative duties, and they suggested she take medical leave. *Id.* ¶¶ 37, 48-49, 64. Defendants referenced occasional project-based tasks, such as assembling materials and archive-related work, which she characterizes as limited and not requiring a regular in-office schedule. *Id.* ¶¶ 47, 50. Plaintiff alleges that on or about March 11, 2024, her supervisor acknowledged in conversation that coworkers perceived Plaintiff's accommodation as "not fair," but did not identify performance deficiencies with her remote work. *Id.* ¶¶ 38-41. She alleges her supervisor acknowledged during a performance review that her absence from the office was not having a significant negative impact on reception coverage. *Id.* ¶ 45. Instead, discussions regarding her accommodation referenced coworker

United States District Court
Northern District of California

reactions and team dynamics, and that explanations for work requirements were shifting and inconsistent through 2024.  *Id.* ¶¶ 19, 40-42.

Plaintiff alleges she repeatedly sought reasonable accommodations, including remote or hybrid scheduling and workspace modifications, but Defendants consistently failed to respond or engage in a timely, good-faith interactive process.  *Id.* ¶¶ 17-20, 61-62, 74-76.  As a result, Plaintiff experienced increased anxiety, panic symptoms, gastrointestinal distress, emotional distress, and other harms during the relevant period and incurred medical expenses, lost time, and out-of-pocket costs.  *Id.* ¶¶ 22-24, 97, 98.

Plaintiff filed her original complaint on December 30, 2025 (ECF No. 1), a First Amended Complaint on March 24, 2026 (ECF No. 16), and the operative Second Amended Complaint on April 24, 2026.  She alleges five causes of action: (1) Disability Discrimination under Title I of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq., and California's Fair Employment and Housing Act (FEHA), Cal. Gov't Code § 12940(a); (2) Failure to Provide Reasonable Accommodation under the ADA, 42 U.S.C. § 12112(b)(5)(A) and FEHA, Cal Gov't Code § 12940(m); (3) Failure to Engage in Interactive Process under FEHA, Cal. Gov't Code § 12940(n); (4) Retaliation under the ADA, 42 U.S.C. § 12203 and FEHA, Gov't Code § 12940(h); (5) Hostile Work Environment and Disability Based Harassment under FEHA, Gov't Code § 12940(j).  Sec. Am. Compl. ¶¶ 53-96.  She seeks compensatory damages, economic and special damages, punitive damages, statutory damages and penalties, injunctive and declaratory relief, attorneys' fees and costs, and pre- and post-judgment interest.  *Id.* ¶¶ 97-109.

Defendants filed the present motion on May 19, 2026.

### III.    LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim.  A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and quotation marks omitted).  Rule 8 provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Thus, a complaint must plead "enough facts

United States District Court
Northern District of California

3

to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility does not mean probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Twombly*, 550 U.S. at 555 (quotations and citation omitted).

In considering a motion to dismiss, the court accepts factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citations and quotations omitted). A court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## IV.    DISCUSSION

### A.    Discrimination Claims

Defendants argue Plaintiff's discrimination claims fail because Plaintiff has failed to show an adverse employment action. Mot. at 5-7.

"Because of the similarity between state and federal employment discrimination laws, California courts look to pertinent federal precedent when applying [California] statutes." *Guz v. Bechtel Nat., Inc.*, 24 Cal. 4th 317, 354 (2000). Courts therefore analyze unlawful discrimination claims under ADA and FEHA together. *See Matthews v. Amtrak Nat'l R.R. Passenger Corp.*, 402

F. Supp. 3d 930, 943 (E.D. Cal. 2019).

The ADA prohibits discrimination "against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). To state a claim for disability discrimination, Plaintiff must allege she: (1) is disabled under the meaning of the statute; (2) is a qualified individual with a disability; and (3) suffered an adverse employment action because of her disability. *Hutton v. Elf Atochem N. Am., Inc.*, 273 F.3d 884, 891 (9th Cir. 2001); *Faust v. Cal. Portland Cement Co.,* 150 Cal. App. 4th 864, 886 (2007). Defendants focus on the third element.

Plaintiff alleges Defendants subjected her to several adverse employment actions:

a) revoking previously approved remote-work accommodations;

b) refusing to discuss alternative accommodations;

c) imposing commute requirements known to trigger severe medical episodes;

d) denying modified workplace placement;

e) publicly questioning or minimizing Plaintiff's disability needs;

f) treating Plaintiff differently than similarly situated non-disabled employees.

Sec. Am. Compl. ¶¶ 53-59. Defendants argue Plaintiff's claims fail because a failure to accommodate an employee's disability does not qualify as an adverse action. Mot. at 6.

An "adverse employment action" in the discrimination context refers to a materially adverse change in the terms and conditions of employment, such as termination, demotion, suspension, reduction in pay, or a significant change in responsibilities. *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998); *Chuang v. Univ. of Cal. Davis*, 225 F.3d 1115, 1126 (9th Cir. 2000). Under the ADA, "[a]n employer is not obligated to provide an employee the accommodation [she] requests or prefers, the employer need only provide some reasonable accommodation." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1089 (9th Cir. 2002) (citing *E.E.O.C. v. Yellow Freight Sys. Inc.*, 253 F.3d 943, 951 (7th Cir. 2001)). As such, "district courts in this circuit and several courts outside of this circuit have held that 'a reasonable accommodation cannot be a materially adverse employment action.'" *Ravel v. Hewlett-Packard Enter., Inc.*, 228 F. Supp. 3d 1086, 1094 (E.D. Cal. 2017) (quoting *West v. New Mexico Taxation & Revenue Dep't*, 757 F. Supp. 2d 1065, 1121 (D. N.M. 2010) and citing *Bultemeyer v. Fort*

*Wayne Cmty. Schs.*, 100 F.3d 1281, 1283 (7th Cir. 1996) ("A reasonable accommodation . . . should not be construed as an adverse employment action."); *Selenke v. Med. Imaging of Colorado*, 248 F.3d 1249, 1265 (10th Cir. 2001) (where plaintiff alleges ADA discrimination and reasonable accommodation claims, the analyses for the two merge); *Capote v. CSK Auto, Inc.*, 2014 WL 1614340, at *7 (N.D. Cal. Apr. 22, 2014) (same); *Lafever v. Acosta, Inc.*, 2011 WL 1935888, at *4–5 (N.D. Cal. May 20, 2011) (same)).

The same is true under FEHA, as "[a] failure to accommodate an employee's disability or engage in an interactive process does not qualify as the adverse action for a disability discrimination claim." *Barnett v. Costco Wholesale Corp.*, 2022 WL 1443332, at *5 (C.D. Cal. May 6, 2022), *aff'd,* 2023 WL 6276294 (9th Cir. Sept. 26, 2023) (citing *Doe v. Dep't of Corrs. & Rehab.*, 43 Cal. App. 5th 721, 735-36 (2019)). "Were the law otherwise, every time an employee was denied a requested accommodation, he would be able to 'double dip' by asserting both . . . claims." *Doe*, 43 Cal. App. 5th at 735–36.

Here, Plaintiff's discrimination claims fail to the extent they are based on Defendants' failure to provide a reasonable accommodation, as this "cannot form the basis of a disability discrimination claim." *Kroeger v. Vertex Aerospace LLC*, 2020 WL 3546086, at *11 (C.D. Cal. June 30, 2020); *see also Ravel*, 228 F. Supp. 3d at 1094; *Barnett*, 2022 WL 1443332, at *6; *Doe*, 43 Cal. App. 5th at 735-36 ("No court has ever held that a failure to reasonably accommodate an employee's disability—which is a separate cause of action under FEHA (§ 12940, subd. (m))—can qualify as the adverse action underlying a discrimination or retaliation claim."); *Lopez v. Charter Commc'ns Inc.*, 2020 WL 2095797, at *8 (C.D. Cal. Jan. 8, 2020) (finding FEHA disability discrimination claim failed because "[t]he only adverse employment action [plaintiff] identifies is [defendant's] alleged failure to accommodate her disability.").

Beyond her reasonable accommodation allegations, Plaintiff also alleges she suffered adverse employment actions in the form of increased scrutiny and inconsistent directives. Sec. Am. Compl. ¶ 57. But these allegations are too conclusory to support her causes of action. While Plaintiff lists six categories of adverse actions, the factual allegations section of her complaint contains no specific supporting allegations. The complaint does not identify who imposed

6

United States District Court
Northern District of California

"heightened scrutiny," when it occurred, or what form it took.  It does not describe who made dismissive remarks about her disability, what was said, or when.  It does not identify the "similarly situated non-disabled employees" referenced in paragraph 57(f) or describe what accommodations they supposedly received.  Such conclusory allegations are not enough to survive a motion to dismiss.  *See Cattoche v. United Airlines, Inc.*, 2022 WL 3702098, at *1 (N.D. Cal. Aug. 26, 2022), *aff'd,* 2023 WL 6803540 (9th Cir. Oct. 16, 2023) (dismissing claims where plaintiff alleged "pervasively hostile treatment," such as "hyper-scrutiny" of her performance and appearance, and "screenings and evaluations that her co-workers are not subjected to" but the "[f]acts that might make these allegations plausible are absent, which bars these claims from going forward."); *Sono v. Georgia-Pac. Corrugated LLC*, 2025 WL 50596, at *2 (N.D. Cal. Jan. 8, 2025) (mere references to "increased scrutiny" are not factually specific enough to state a claim for disability discrimination or failure to accommodate.).

Accordingly, the Court **GRANTS** Defendants' motion as to Plaintiff's disability discrimination claims **WITH LEAVE TO AMEND**, to the extent Plaintiff can state plausible claims of disability discrimination that are not based on a failure to accommodate her disability.

**B.    Failure to Accommodate**

In her second claim for failure to provide reasonable accommodation under the ADA and FEHA, Plaintiff alleges Defendants failed to offer a reasonable accommodation, including hybrid scheduling, pre-planned on-site tasks, or workspace modifications, despite their availability and Plaintiff's willingness to engage in the process.  Sec. Am. Compl. ¶¶ 60-71.

Discrimination under the ADA includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee."  42 U.S.C. § 12112(b)(5)(A).  FEHA makes it unlawful "for an employer . . . to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee" as long as it does not create an undue hardship on the employer's operations.  Cal. Gov't Code § 12940(m).  To state a claim for failure to accommodate a plaintiff must allege that (1) she is disabled within the meaning of the ADA/FEHA; (2) she is a qualified individual who can perform the essential functions of the job with or without reasonable

7

accommodation; and (3) the employer failed to provide a reasonable accommodation. *Snapp v. United Transp. Union*, 889 F.3d 1088, 1095 (9th Cir. 2018); *Scotch v. Art Inst. of Cal.-Orange Cnty., Inc.*, 173 Cal. App. 4th 986, 1009-10 (2009) (citation omitted).

The ADA defines disability as "a physical or mental impairment that substantially limits one or more of the individual's major life activities." 42 U.S.C. § 12102(1). The FEHA definition is broader insofar as it requires only that the disability "limit" a major life activity. Cal. Gov. Code. § 12926.1(c). Plaintiff alleges she has documented disabilities including agoraphobia, panic disorder, and related anxiety conditions, as well as gastrointestinal conditions exacerbated by stress and "commute-related" triggers. Sec. Am. Compl. ¶¶ 28-30. Drawing reasonable inferences in Plaintiff's favor, the Court finds these allegations are sufficient to plausibly suggest she is a "disabled person" within the meaning of the ADA and FEHA.

As to the second element, a "qualified individual" under both the ADA and FEHA is an individual with a disability "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8); *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 999 (9th Cir. 2007) (applying "qualified individual" analysis under ADA to same inquiry under FEHA). For purposes of this motion, Plaintiff's qualifications do not appear to be in dispute. *See* Mot. at 8 ("Plaintiff has successfully operated under the current arrangement for over two years.") (citing Sec. Am. Compl. ¶ 85(e)).

As to the third element, the Court finds Plaintiff's allegations are insufficient. "A reasonable accommodation is 'a modification or adjustment to the workplace that enables the employee to perform the essential functions of the job held or desired.'" *McCarthy v. R.J. Reynolds Tobacco Co.*, 819 F. Supp. 2d 923, 935 (E.D. Cal. 2011) (quoting *Nadaf–Rahrov v. Neiman Marcus Grp., Inc.,* 166 Cal. App. 4th 952, 974 (2008)). "An employer is not obligated to provide an employee the accommodation [she] requests or prefers, the employer need only provide some reasonable accommodation." *Zivkovic*, 302 F.3d at 1089 (citing *Yellow Freight Sys. Inc.*, 253 F.3d at 951); *Hanson v. Lucky Stores, Inc.*, 74 Cal. App. 4th 215, 228 (1999) (same). Thus, Defendants are liable only if they did not offer Plaintiff a "reasonable accommodation." The ADA

United States District Court
Northern District of California

does not define the term "reasonable accommodation" with much precision. *See* 42 U.S.C. § 12111(9). The Equal Employment Opportunity Commission, however, has promulgated regulations that define "reasonable accommodation" to include "[m]odifications or adjustments to the work environment, or to the manner or circumstances under which the position held or desired is customarily performed, that enable an individual with a disability who is qualified to perform the essential functions of that position." 29 C.F.R. § 1630.2(o)(1)(ii). The Ninth Circuit has similarly held that a "reasonable accommodation must be effective, in enabling the employee to perform the duties of [her] position." *Humphrey v. Mem'l Hosp. Ass'n.*, 239 F.3d 1128, 1137 (9th Cir. 2001).

Here, Plaintiff does not adequately allege what her specific medical restrictions were, how those restrictions made a hybrid arrangement medically inadequate, or how the working conditions Defendants provided were insufficient. Importantly, Plaintiff does not describe the working conditions Defendants offered since her remote-only accommodation was "revoked or restricted." As currently pled, this omission is fatal, as a failure-to-accommodate claim requires Plaintiff to allege not merely that she did not receive her preferred arrangement, but that Defendants failed to provide *any* reasonable accommodation. *Zivkovic*, 302 F.3d at 1089. Plaintiff alleges Defendants provided her with a hybrid working schedule, but then "retaliated" by requiring "increased in-office requirements," but she does not include any allegation that she was required to work all of her hours in-person. Sec. Am. Compl. ¶ 85(c). Plaintiff also alleges her remote-only accommodation was "restricted" multiple times. *Id*. ¶¶ 16, 37, 64. But this still implies Defendants allowed her to work a hybrid schedule. Further, Plaintiff's complaint concedes that some level of in-person attendance was an essential function of her position, as she was required to engage in in-person, secretarial duties each week and periodically required to come to the office for other administrative support. *Id*. ¶¶ 14, 26-27, 44, 50; *see also* Opp'n at 4 ("Plaintiff alleges that the hybrid schedule referenced by Defendants was not a disability-specific accommodation uniquely created for Plaintiff, but rather part of the general scheduling structure utilized by Program Specialists."). Based on Plaintiff's allegations, it appears a totally remote position would require Defendants to create a different position to accommodate Plaintiff, something they are not

required to do.  *See Wellington v. Lyon Cnty. Sch. Dist.*, 187 F.3d 1150, 1155 (9th Cir. 1999) (A reasonable accommodation "may include 'job restructuring . . . reassignment to a vacant position . . . and other similar accommodations.'  42 U.S.C. § 12111(9).  A 'reasonable accommodation' has not, however, been held to include creation of a new job.  To the contrary, we have recently held that the ADA does not impose a duty to create a new position to accommodate a disabled employee.") (citing *Willis v. Pacific Maritime Ass'n,* 162 F.3d 561, 567 (9th Cir. 1998)); *Nealy v. City of Santa Monica*, 234 Cal. App. 4th 359, 377 (2015) ("FEHA does not require the employer to promote the employee or create a new position for the employee.").  Lastly, Plaintiff's allegations indicate she has successfully operated under the current arrangement for over two years since the remote-only accommodation was restricted in early 2024.  Sec. Am. Compl. ¶ 85(e).

Based on these allegations, the Court finds Plaintiff has not stated a plausible claim for failure to provide reasonable accommodation.  Accordingly, the Court **GRANTS** Defendants' motion to dismiss this claim **WITH LEAVE TO AMEND**.

**C.      Failure to Engage in Interactive Process**

Plaintiff's third cause of action alleges Defendants failed to engage in a timely, good-faith interactive process to determine effective reasonable accommodations for her disabilities.  Sec. Am. Compl. ¶¶ 72-81.  This claim is brought solely under FEHA, as the ADA does not provide an independent cause of action for failure to engage in the interactive process.  *See Snapp*, 889 F.3d at 1095 ("[T]here exists no stand-alone claim for failing to engage in the interactive process.  Rather, discrimination results from denying an available and reasonable accommodation.").

"Once an employer becomes aware of the need for accommodation, that employer has a mandatory obligation under [FEHA] to engage in an interactive process with the employee to identify and implement appropriate reasonable accommodations."  *Humphrey*, 239 F.3d at 1137.[2]

---

[2] Although its analysis was under the ADA, the Ninth Circuit noted that "[b]ecause the FEHA provisions relating to disability discrimination are based on the ADA, decisions interpreting federal anti-discrimination laws are relevant in interpreting the FEHA's similar provisions. . . . We analyze Humphrey's state and federal disability claims together, relying on federal authority in the absence of contrary or differing state law." *Humphrey*, 239 F.3d at 1133.

United States District Court
Northern District of California

"The interactive process requires communication and good-faith exploration of possible accommodations between employers and individual employees, and neither side can delay or obstruct the process." *Id.* "Employers, who fail to engage in the interactive process in good faith, face liability for the remedies imposed by the statute if a reasonable accommodation would have been possible." *Id.* at 1137–38.

Here, Plaintiff's claim fails for three reasons. First, Plaintiff bears the burden of communicating "in a manner that would be understood by a reasonable employer, that the employee has a disability that requires some sort of accommodation in order for the employee to be able to perform [her] work duties." *Norris v. Allied-Sysco Food Servs., Inc.*, 948 F. Supp. 1418, 1437 (N.D. Cal. 1996), *aff'd sub nom. Norris v. Sysco Corp.*, 191 F.3d 1043 (9th Cir. 1999). As part of this burden, "[t]he employee must 'specifically identify the disability and resulting limitations, and . . . suggest the reasonable accommodations.'" *Lewis v. CoreCivic of Tennessee, LLC*, 2023 WL 2534619, at *2 (S.D. Cal. Mar. 15, 2023) (quoting *Taylor v. Principal Fin. Grp.*, 93 F.3d 155, 165 (5th Cir. 1996) and citing *Scotch*, 173 Cal. App. 4th at 1013). As discussed above, the complaint does not adequately allege what Plaintiff's specific medical restrictions were, how those restrictions made a hybrid arrangement medically inadequate, nor that she communicated this information to Defendants in a manner that would be understood by them.

Second, Plaintiff has not pled sufficient facts to show that a reasonable accommodation was not provided or that the baseline working environment was not sufficient such that an accommodation was required. California courts have held that an interactive process claim requires the plaintiff to identify a reasonable accommodation that would have been available through the interactive process. *Scotch*, 173 Cal. App. 4th at 1018 (quoting *Claudio v. Regents of the Univ. of Cal.*, 134 Cal. App. 4th 224, 243 (2005)). Plaintiff concedes that Defendants allow her to work a hybrid schedule and that some level of in-person attendance is an essential function of her position. Sec. Am. Compl. ¶¶ 14, 26-27, 44, 50. Beyond this, she has not alleged the specific medical restrictions that make this accommodation inadequate.

Third, Plaintiff's allegations of the interactive process are conclusory and vague, making it difficult for Defendants to form a response. For example, Plaintiff's complaint alleges repeated

United States District Court
Northern District of California

communication between the parties about an accommodation.  She alleges Defendants initially approved remote-work accommodation, Sec. Am. Compl. ¶ 34; held discussions about the arrangement and why it did not work, including the March 11, 2024 conversation with her supervisor, *id.* ¶¶ 38–41; suggested medical leave as an alternative, *id.* ¶ 49; and identified the operational reasons (reception coverage, project tasks) requiring some in-office presence, *id.* ¶¶ 48, 50.  These allegations describe an interactive process that occurred but did not produce Plaintiff's preferred result, which is not the same as a failure to engage.  Plaintiff's complaint must identify when these communications occurred, what she proposed, and how Defendants responded.

Based on these allegations, the Court finds Plaintiff has not stated a plausible claim for failure to engage in an interactive process.  Accordingly, the Court **GRANTS** Defendants' motion to dismiss this claim **WITH LEAVE TO AMEND**.

**D.      Retaliation Claims**

To state a claim for retaliation under the ADA or FEHA, Plaintiff must show (1) she engaged in protected activity; (2) she suffered an adverse employment action; and (3) there was a causal link between the two.  *See Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 849 (9th Cir. 2004); *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005).  "[A]n adverse employment action is one that materially affect[s] the compensation, terms, conditions, or privileges . . . of employment."  *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008).  The action must be sufficiently severe that it "could well dissuade a reasonable worker from making or supporting a charge of discrimination."  *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 57 (2006) (analyzing Title VII retaliation claim).

For the first element, Plaintiff alleges she engaged in protected activity, including disclosing disability-related limitations and requesting accommodations, complaining about discrimination, and filing an EEOC charge.  Sec. Am. Compl. ¶ 83.  "Seeking an accommodation of a disability qualifies as a protected activity."  *Yphantides v. Cnty. of San Diego*, 660 F. Supp. 3d 935, 958 (S.D. Cal. 2023) (citing Cal. Gov't Code § 12940(m)(2); *see also McAlindin v. Cnty. of San Diego,* 192 F.3d 1226, 1238 (9th Cir. 1999) (stating that "vigorously asserting [one's] rights"

United States District Court
Northern District of California

under the ADA and other state and federal discrimination laws constitutes protected activity). As does filing an EEOC charge. *Pardi*, 389 F.3d at 850; *see also McFadden v. City of El Centro*, 2014 WL 1365661, at *2 (S.D. Cal. Apr. 4, 2014) ("There is no doubt that filing grievances and pursuing constitutional and statutory remedies are protected activities.").

Defendants do not dispute that Plaintiff engaged in protected activity. Instead, as with her discrimination claims, they argue Plaintiff's retaliation claims fail for want of an adverse employment action. Mot. at 5-7. However, in the context of retaliation claims, "[t]he Ninth Circuit interprets adverse employment action expansively." *Taylor v. Contra Costa Cnty. Emp. & Hum. Servs. Dep't*, 2017 WL 11715436, at *6 (N.D. Cal. Apr. 12, 2017) (cleaned up) (quoting *Ray v. Henderson*, 217 F.3d 1234, 1241 (9th Cir. 2000)). "Any action that 'is reasonably likely to deter employees from engaging in protected activity' is cognizable as an adverse employment action." *Id.* at *6 (quoting *Ray*, 217 F.3d at 1243) ("The EEOC has interpreted 'adverse employment action' to mean 'any adverse treatment that is based on a retaliatory motive and is reasonably likely to deter the charging party or others from engaging in protected activity'" and "does not limit what type of discrimination is covered, nor does it prescribe a minimum level of severity for actionable discrimination.").

Here, Plaintiff alleges Defendants retaliated against her through a pattern of adverse actions, including by revoking previously approved accommodations, increasing in-office requirements despite her medical limitations, subjecting her to heightened scrutiny and criticism, questioning the legitimacy of her disability, and imposing burdensome work demands. Sec. Am. Compl. ¶¶ 85-86. The Court finds these allegations are sufficient at this stage. *See Taylor*, 2017 WL 11715436, at *6-7 (denying motion to dismiss ADA retaliation claim plaintiff alleged defendants retaliated against her "by significantly changing her conditions of employment, by failing to follow 'protocol' and reassign cases while Plaintiff was on leave, increasing her work load, and assigning tasks to her that were normally done by other categories of employees.").

Finally, Plaintiff alleges a causal link between the two based on temporal proximity. Sec. Am. Compl. ¶ 87. The causal link for retaliation "can be inferred from circumstantial evidence such as the employer's knowledge of the protected activities and the proximity in time between

13

the protected activity and the adverse action." *Dawson v. Entek Int'l*, 630 F.3d 928, 936 (9th Cir. 2011) (citation omitted). Here, Plaintiff alleges Defendants' "actions intensified after each instance of protected activity," including "the revocation of accommodations and escalation of scrutiny." Sec. Am. Compl. ¶¶ 86-87. The Court finds this meets her burden at this stage. *See Pardi*, 389 F.3d at 850 (finding plaintiff sufficiently raised an inference of a causal link based on the temporal proximity between his protected activities and defendant's adverse acts); *Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1197 (9th Cir. 2003) (explaining that "the plaintiff must make some showing sufficient for a reasonable trier of fact to infer that the defendant was aware that the plaintiff had engaged in protected activity").

Accordingly, the Court finds Plaintiff has stated a plausible claim of retaliation and therefore **DENIES** Defendants' motion to dismiss her fourth cause of action.

### E.    Hostile Work Environment/Harassment

Plaintiff's fifth cause of action, brought under FEHA, alleges Defendants subjected her to ongoing disability-based harassment by minimizing her symptoms, publicly questioning her need for accommodations, placing her in situations known to trigger panic episodes, disregarding HR complaints, and circulating communications that undermined her rather than providing support. Sec. Am. Compl. ¶¶ 92-96.

To establish a claim for disability harassment under FEHA, Plaintiff must show she was "subjected to harassing conduct that was (1) unwelcome; (2) because of [her disability]; and (3) sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment." *Bailey v. San Francisco Dist. Attorney's Office*, 16 Cal. 5th 611, 627 (2024). "[H]arassment claims focus on 'situations in which the *social environment* of the workplace becomes intolerable because the harassment (whether verbal, physical, or visual) communicates an offensive message to the harassed employee." *Id.* (emphasis in original) (quoting *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 706 (2009)). To determine whether an employee was subject to a hostile work environment, a court must evaluate the work environment "in light of the totality of the circumstances." *Id.* at 628. "Simple teasing, offhand comments, and isolated incidents (unless extremely serious) are not sufficient to create an actionable claim of harassment." *Id.* (alterations

United States District Court
Northern District of California

and quotations omitted).

Here, the Court finds Plaintiff fails to state a plausible claim of harassment. As a preliminary matter, Plaintiff's claim is based on what are generally described as personnel management actions. California law distinguishes "between discriminatory employment actions and harassment." *Ramirez v. Little Caesars Enters., Inc.*, 2018 WL 5816107, *6 (C.D. Cal. Nov. 2, 2018). Employment actions such as personnel management actions do not constitute harassment. *Id.* Applying this framework, courts have held that personnel management acts such as firing, evaluation, and work assignments do not support a harassment claim. *See, e.g., Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1244 (9th Cir. 2013). Plaintiff alleges Defendants revoked the remote-work accommodation, denied workspace modifications, imposed onsite requirements, and issued shifting directives. However, courts have repeatedly held that such actions constitute personnel management acts that cannot support a harassment claim. *See, e.g., Kroeger*, 2020 WL 3546086, at *12 (granting motion to dismiss where plaintiff alleged the employer did not provide him a preferred accommodation); *Ramirez*, 2018 WL 5816107, at *6 (granting motion to dismiss because "declining evaluation and accommodation for disabilities, and making decisions on whether to terminate" are personnel management actions); *Duran v. DHL Express (USA), Inc.*, 2016 WL 742864, *7 (C.D. Cal. Feb. 24, 2016) (holding that "refusal . . . to accommodate Plaintiff does not qualify as . . . pervasive or severe conduct that would create a hostile work environment under the FEHA"); *Thompson v. City Of Monrovia,* 186 Cal.App.4th 860, 879 (2010) ("[P]ersonnel management actions such as hiring and firing, job project assignments, office or work station assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or nonassignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off, and the like, do not come within the meaning of harassment.'"). Such allegations are "more appropriately addressed through [a] discrimination claim than a claim for harassment." *Owen v. Alcresta Therapeutics, Inc.*, 2025 WL 2249998, at *9 (C.D. Cal. Apr. 22, 2025) (citing *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 65 (1996) ("Personnel management decisions are necessary for the management of the employer's business. . . . These actions may retrospectively be found discriminatory if based on

improper motives, but in that event the remedies provided by [ ] FEHA are those for discrimination, not harassment.") (alteration in original).

As to other forms of harassment, Plaintiff's allegations are conclusory, such as "dismissing or minimizing Plaintiff's disability symptoms," "publicly challenging Plaintiff's need for accommodation," "ignoring HR complaints," and "circulating internal communications that undermined Plaintiff." Sec. Am. Compl. ¶ 62. Plaintiff never provides any details about this conduct, such as who engaged in it, how often, when, or what the circumstances were. Such conclusory statements do not suffice to state a plausible claim. *See Iqbal*, 556 U.S. at 678; *Abdul-Haqq v. Kaiser Emergency in San Leandro*, 2017 WL 550235, at *6 (N.D. Cal. Feb. 10, 2017) ("[A] difficult work environment, standing alone, does not give rise to a cause of action under . . . FEHA."); *McCree v. State of Cal. Dep't of Conservation*, 2014 WL 1936504, at *5 (N.D. Cal. May 14, 2014) (holding that berating plaintiff about work and accusing him of "bringing down the department" did not create a hostile work environment).

Based on these allegations, the Court finds Plaintiff has not stated a plausible claim for harassment. Accordingly, the Court **GRANTS** Defendants' motion to dismiss this claim **WITH LEAVE TO AMEND**.

## V.     CONCLUSION

For the reasons stated above, the Court **DENIES** Defendants' motion as to Plaintiff's retaliation claims under the ADA and FEHA, and **GRANTS** Defendants' motion as to all other claims **WITH LEAVE TO AMEND**. If Plaintiff chooses to do so, she may file an amended complaint by July 29, 2026.

**IT IS SO ORDERED.**

Dated: June 26, 2026

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

16