United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHIAMAKA ADAOHA UKAGA,

Plaintiff,

v.

FRED FINCH YOUTH & FAMILY SERVICES, et al.,

Defendants.

Case No. 25-cv-11065-TSH

**ORDER ACCEPTING AMENDED COMPLAINT AND DIRECTING DEFENDANTS TO RESPOND**

Re: Dkt. No. 33

On June 26, 2026, the Court granted Defendants Fred Finch Youth & Family Services and Fred Finch Youth Center Cares, Inc.'s motion to dismiss and granted Plaintiff Chiamaka Adaoha Ukaga, who is representing herself, leave to file an amended complaint by July 29, 2026. ECF No. 32. On August 5 Plaintiff filed an amended complaint that is dated July 29, 2026, along with a request to accept the late filing, stating "[t]he scope of the revisions required was greater than Plaintiff reasonably anticipated. Plaintiff acted diligently and in good faith throughout the amendment process, and the delay was brief." ECF No. 33.

Although the amended complaint was not filed on the docket until after the Court-ordered deadline, the Court finds the circumstances warrant an extension of the deadline under Federal Rule of Civil Procedure 6(b)(1)(B), which permits a court to extend the time for an act if the party failed to act because of excusable neglect. "To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993).

Here, the delay was brief, as the amended complaint was entered on the docket seven days after the July 29 deadline. There is no indication that Plaintiff acted in bad faith, as she states the scope of the revisions required was greater than she anticipated, but she acted diligently to meet the deadline. There is also no indication that permitting the late filing will prejudice Defendants, as there are no other pending deadlines, and the brief extension does not disrupt the proceedings. On balance, these circumstances support a finding of excusable neglect. Accordingly, the Court **GRANTS** Plaintiff an extension of time through August 5, 2026, to file the amended complaint. The amended complaint filed on August 5, 2026, ECF No. 33, is therefore deemed timely filed and is accepted as the operative pleading in this action. Defendants shall respond by August 21, 2026.

**IT IS SO ORDERED.**

Dated: August 7, 2026

THOMAS S. HIXSON
United States Magistrate Judge